## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 11-23023-Civ-COOKE/TURNOFF

ADAM KLYSZCZ and LUCYNA KLYSZCZ,

      Plaintiffs,

v.

CLOWARD H2O LLC f/k/a CLOWARD &
ASSOCIATES, PC; EDSA, INC.; HKS, INC.
d/b/a HKS ARCHITECTS, INC.; and
WHITEWATER WEST INDUSTRIES, LTD.,

      Defendants.

_____/

### OMNIBUS ORDER DENYING DEFENDANTS' MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*

THIS MATTER is before me on Defendants, Whitewater West Industries, LTD.'s ("Whitewater") and Cloward H20, LLC's ("Cloward") Motions to Dismiss Under the Doctrine of *Forum Non Conveniens* ("Motions to Dismiss") (ECF Nos. 30, 35). Plaintiffs have filed their Response in Opposition to Whitewater's Motion to Dismiss (ECF No. 39) and their Response in Opposition to Cloward's Motion to Dismiss (ECF No, 46). Both Defendants submitted their Replies to Plaintiffs' Response to their Motions to Dismiss (ECF Nos. 47, 50). Thus, the Motions to Dismiss have been fully briefed and are ripe for adjudication. I have reviewed the Motions to Dismiss, the parties' arguments, the record, the relevant legal authorities, and am otherwise duly advised in the premises. For the reasons provided herein, Defendants' Motions to Dismiss are denied.

# I. BACKGROUND

This case arises from injuries suffered by Plaintiff, Adam Klyszcz ("Mr. Klyszcz"), resulting from an allegedly defective waterslide located at the Atlantis Resort in Nassau, Bahamas.  On or about November 6, 2009, Plaintiffs, Mr. Klyszcz and his wife, Lucyna Klyszcz ("Mrs. Klyszcz"), used the pool facilities at the Atlantis Resort. (First Am. Compl. ¶ 17, ECF No. 20).  The Challenger waterslide ("Challenger") is included amongst the pool amenities and features two adjacent water slides that allow resort guests to "race" to the bottom.  (*Id.* ¶ 18).  At approximately 2:00 p.m., Mr. Klyszcz used the Challenger after receiving instructions on how to navigate the slide from an Atlantis resort employee.  (*Id.* ¶ 19).  As Mr. Klyszcz "splashed down" the Challenger, his legs hit the bottom of the pool causing intense pain to radiate from his knee and his knee to swell.  (*Id.*)  Mr. Klyszcz required assistance to get out of the pool, and, within a short period of time, was taken to a nearby hospital, where a New Jersey physician, who reviewed the x-rays via the Internet, diagnosed him.  (*Id.* ¶ 20).  The New Jersey physician diagnosed Mr. Klyszcz with "a very comminuted anteromedial tibial plateau fracture with significant displacement and step-off to the articular surface in addition to a significant tear in his medial meniscus."  (*Id.*)

Alleging damages of serious and permanent personal injuries, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, and loss of earning capacity, Plaintiffs, who are New Jersey citizens, assert negligent design claims against three of the four defendants, including Cloward, EDSA, Inc. ("EDSA")[1], and HKS, Inc. d/b/a

---

[1] Defendant EDSA, Inc. has been dismissed with prejudice from this action and was not a party to the Motions to Dismiss.  Therefore, its citizenship is not relevant to the consideration of the Motions to Dismiss.

HKS Architects, Inc. ("HKS")[2].   (First Am. Compl., ¶¶ 1, 21-51).   As against the fourth defendant, Whitewater, Plaintiff brings strict liability and failure to warn claims for allegedly designing and manufacturing a defective product, and for failing to warn users of the danger of injury to the knees and legs that can be caused by the use of the Challenger.  (*Id.* ¶¶ 52-59, 60-68). Plaintiff, Mrs. Klyszcz, also avers a loss of consortium cause of action against all defendants for the "diminishment of her husband's companionship, society, and consortium," and for recovery of past and future medical expenses for Mr. Klyszcz's care and treatment.  (*Id.* ¶¶ 70-71).

Defendants Cloward and HKS designed the pool facilities at the Atlantis Resort.  (First Am. Compl., ¶¶ 11, 13).  According to Plaintiffs' First Amended Complaint, EDSA served as the design team leader for all site work of the aquatic and pool facilities at the Atlantis Resort, and Whitewater manufactured, constructed, and/or maintained the Challenger at the Atlantis Resort. (*Id.* ¶¶ 12, 14).  However, discovery revealed that EDSA's sole role with regard to the Challenger was to design the decorative pattern of the curb around the splash down pool.  Behling Aff. ¶¶ 5-11, ECF No. 56-4.  According to Plaintiffs, all Defendants, while in south Florida, participated in the design, manufacture, construction, sale, marketing, and other business with respect to the Challenger.  (*Id.* ¶ 15).

As to the remaining defendants in this action, Defendant Cloward is a limited liability company incorporated under the laws of Alaska with its principal place of business in Utah, and is also registered to do business in Florida.  (*Id.* ¶¶ 5-6).   HKS is a Texas corporation that is registered to do business in Florida and maintains an office in Miami, Florida.  (*Id.* ¶ 8). Whitewater is a foreign corporation, incorporated under the laws of Canada, having its principle

---

[2] Defendant HKS, Inc. d/b/a HKS Architects, Inc. did not join the Motions to Dismiss and is not seeking to alter the forum of this litigation.

place of business in Richmond, British Colombia, Canada, and is also registered to do business in Florida. (*Id.* ¶ 10; Whitewater's Mot. Dismiss ¶ 6).

## II. LEGAL STANDARD

Although the initial venue selected by the plaintiff may be proper, the doctrine of *forum non conveniens* permits a district court to exercise its discretion and dismiss an action if a foreign court is the more appropriate and convenient forum to adjudicate the matter. *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.,* 549 U.S. 422, 429 (2007). In order to obtain dismissal based on the doctrine of *forum non conveniens*, the moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *See Piper Aircraft Co. v. Reno*, 454 U.S. 235, 255-62; *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). "A defendant invoking *forum non conveniens* [] bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. Ltd.*, 549 U.S. at 430.

In a court's evaluation of private and public factors, "the private factors are 'generally considered more important' than the public factors…." *Leon*, 251 F.3d at 1311. Nevertheless, the better practice is to consider all factors in every case. *Id.* (relying upon *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283-84 (11th Cir.2001); 17 Moore's Federal Practice § 111.74[3][b] at 111-221 (3d ed.2000)); *but see McLane v. Los Suenos Marriott Ocean & Golf Resort*, No. 11-11860, 2012 WL 1414602, at *1 n.3 (11th Cir. Apr. 24, 2012). A significant private factor, and one that the court must give due deference to, is a plaintiff's choice of forum. However, "[w]hen the plaintiff's choice is not its home forum, … the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable." *Id.* (internal quotation marks and citations omitted); *see also Leon*,

4

251 F.3d at 1311 (concluding that in the balance of private interests, "domestic plaintiffs [are afforded] a strong presumption that their forum choice is sufficiently convenient, and a weaker presumption applying in cases brought by foreign plaintiffs") (internal quotation marks omitted)). Notwithstanding the strong presumption, "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *McLane*, 2012 WL 1414602, at *1.

A district court's determination to dismiss an action on the doctrine of *forum non conveniens* will not be disturbed except where the court clearly abuses its discretion by failing to balance reasonably all of the relevant pubic and private factors. *See McLane v. Los Suenos Marriott Ocean & Golf Resort*, No. 11-11860, 2012 WL 1414602, at *1 (11th Cir. Apr. 24, 2012).

## III. ANALYSIS

### A.   Order in Matthews v. Whitewater West Indus., et al., No. 11-24424-CIV-ALTONAGA/Simonton

I note at the outset that the issue of law here presented – specifically, whether the plaintiffs' case should be dismissed based on *forum non conveniens* grounds – is the identical legal issue decided by The Honorable Cecilia M. Altonaga in *Matthews v. Whitewater West Indus., et al.*, No. 11-24424-CIV-ALTONAGA/Simonton, ECF No. 76 ("Judge Altonaga Order"). Further, the factual circumstance underlying *Matthews* resembles, in the six most critical and relevant facets, the factual situation giving rise to the instant matter.

First, both cases involve the same four defendants: Whitewater, Cloward, HKS, and EDSA.  Second, the same two defendants only, Whitewater and Cloward, seek dismissal of the complaints based on *forum non conveniens* in both matters.  Third, both incidents of personal

injury occurred on the Challenger waterslide at the Atlantis Resort in Nassau, Bahamas.  Fourth, both plaintiffs claim the same injury (tibia plateau fracture) from the same alleged cause (legs hitting the bottom of the splash down pool).  Fifth, both plaintiffs are United States citizens.[3] Sixth, both complaints allege the same substantive causes of action as against the same defendants.[4]  *Compare* First Am. Compl., No.11-23023-Civ-COOKE/TURNOFF, ECF No. 20, *with* Compl., No. 11-24424-CIV-ALTONAGA/Simonton, ECF No. 1.  Notably, Judge Altonaga permitted the parties to conduct discovery on the *forum non conveniens* issue in the matter before her, which was later submitted as evidence in this case.  *See, e.g.,* Kwasnicki Dep., Feb. 24, 2012; Cloward Dep., Mar. 16, 2012, ECF No. 51-1; Behling Aff., ECF No. 56-4.

I find Judge Altonaga's Order compelling and persuasive, and her analysis sound. Additionally, I weigh heavily the strong public policy that disfavors having contrary or disparate outcomes in similarly situated cases.  *See Shallal v. Elson*, No. 98-8739-CIV, 1999 WL 33957906, at *4 (S.D. Fla. Apr. 12, 1999) (noting "the danger of inconsistent decisions on the same matters is high where both courts would be resolving similar factual and legal issues"). Therefore, I adopt Judge Altonaga's conclusions of law and findings of fact in the Judge Altonaga Order as they relate to this matter.  Hence, my additional analysis will be brief.

---

[3] David Matthews, the plaintiff in the *Matthews* case is an Ohio citizen, while Mr. and Mrs. Klyszcz, the plaintiffs in the case at bar, are New Jersey citizens.

[4] The following counts are identical in both plaintiffs' complaints: Count I – Negligence as to Cloward, Count II – Negligence as to EDSA, Count III – Negligence as to HKS, Count IV – Strict Liability as to Whitewater, Count V – Strict Liability as to Whitewater (Failure to Warn).  The sole difference in the counts of the complaints is that Plaintiffs assert a loss of consortium claim in the present case that is absent in the *Matthews* Complaint.

B.     *Forum Non Conveniens* **Discussion**

1.     <u>Adequate Alternative Forum</u>

First, I must determine whether the Bahamas is an adequate and available forum. "The alternative forum prong of the analysis generally will be satisfied when the defendant is amenable to process in the other jurisdiction." *Satz v. McDonnell Douglas Corp.,* 244 F.3d 1279, 1282 (11th Cir. 2001) (citing *Piper Aircraft v. Reyno,* 454 U.S. 235 (1991)(internal quotations omitted)). Here, the moving Defendants are amenable to jurisdiction in the Bahamas and agree to waive any requirement that the Plaintiffs post a bond or security with a Bahamian court in order to reinstate the action. Although Plaintiffs note that the non-moving Defendant has not made such an offer to waive a bond or security requirement, Plaintiffs do not contest that a Bahamian court may exercise jurisdiction over the Defendants. Additionally, Robert K. Adams, a licensed attorney in the Commonwealth of the Bahamas, affirmed that Plaintiffs may bring their claims in courts of the Bahamas and obtain full redress in the Bahamas if liability is found in their favor. Adams Aff., ECF No. 30-2.

 Moreover, this Court has consistently held that the Bahamas may provide an adequate and available alternative forum if the *forum non conveniens* factors weigh in favor of the moving party. *See e.g. Pinder v. Moscetti,* 666 F. Supp. 2d 1313 (S.D. Fla. 2008); *see Haddad v. RAV Bahamas, Ltd.,* 2008 WL 1017743, at *4 (S.D. Fla. July 17, 2009); *see Horberg v. Kerzner Int'l Hotels Ltd.,* 744 F. Supp. 2d 1284 (S.D. Fla. 2007).

2.     <u>Private Interest Factors</u>

After determining that an adequate alternative forum exists, the court must then consider whether the private interest factors favor the alternative forum. *La Seguridad v. Transytur,* 707 F.

2d 1304, 1307 (11th Cir. 1983); *see also Zelaya v. De Zelaya,* 250 F. App'x 943, 946 (11th Cir. 2007).  In considering the private interests of the litigants, the court should look to (1) the relative ease of access to sources of proof, (2) the ability to obtain witnesses via compulsory processes, (3) the possibility to view the premises, and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive.  *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1946); *see also Zelya,* 250 F. App'x at 946.  Furthermore, the residency of material and/or key witnesses and the location of documentation evidence should also be considered.  *Foster v. Sun Int'l Hotels, Ltd.,* No. 01–01290–CIV, 2002 WL 34576251, *3 (S.D. Fla. Feb. 5, 2002).

Here, several of the fact witnesses to Mr. Klyszcz interaction with the Challenger reside in Nassau, Bahamas.  Also in the Bahamas are the witnesses regarding the maintenance and care of the Challenger.  These witnesses, according to Defendants are the "majority of the material witnesses," as they are critical to their defense of improper care and maintenance by Atlantis, or comparative negligence by Mr. Klyszcz.  However, many of the witnesses regarding the design, manufacturing, production, training, and other technical aspects of the Challenger, which are central to the causes of action brought by Plaintiffs, reside in the United States and Canada.  Thus, each side presents considerable information demonstrating that the material evidence is split between the Bahamas and the United States.  On this, Judge Altonaga and I agree.

I also concur with Judge Altonaga regarding the cost-related and compulsory process factors of access to material evidence.  The cost-related factor favors the Defendants' choice of the Bahamian forum because Plaintiffs would have to transport the majority of their witnesses, including themselves, to either forum.  Defendants, on the other hand, would incur substantial costs having to transport the Bahamian witnesses to Florida.  *See* Judge Altonaga Order at 13.

The compulsory process factor is weighed in favor of Plaintiff because Defendants fail to carry their burden of demonstrating that compulsory process by a U.S. Court over unwilling witnesses and documentary evidence in the Bahamas is more difficult than compulsory process by a Bahamian court over the same evidence in the United States.  *See id.* at 14-16.

The premises, or the Challenger in this case, is located in the Bahamas.  Therefore, the view and the inspection of the premises may only be accomplished in the Bahamas.  However, given the claims in this case, there will certainly be experts on both sides who are able to inspect and memorialize their inspection for the benefit of the jury.  *See id.* at 17 (relying upon *R. Travis Collins v. Marriott Int'l, Inc.*, No. 09-22423-CIV-JORDAN, a3 (S.D. Fla. May 11, 2010) (ECF No. 57); *Campbell v. Starwood Hotels & Resort Worldwide, Inc.*, No. 07-61744-CIV, 2008 WL 2844020, at *6 (S.D. Fla. July 23, 2008)).

The arguments in support of and against transferring the venue to the Bahamas are slightly in Plaintiffs' favor because of Defendants' weakness in carrying its heavy burden.  This slight advantage to Plaintiffs becomes overwhelming when considering that Plaintiffs, who are United States citizens, selected this forum.  The Eleventh Circuit has instructed the trial courts:

> In its evaluation of these private factors, the district court should weigh [] in the balance a strong presumption against disturbing plaintiffs' initial forum choice. This presumption in favor of the plaintiffs' initial forum choice in balancing the private interests is at its strongest when the plaintiffs are citizens, residents, or corporations of this country.

*McLane v. Los Suenos Marriott Ocean & Golf Resort*, No. 11-11860, 2012 WL 1414602, at *1 (11th Cir. Apr. 24, 2012).  Despite some factors weighing in favor of Defendants, it would not be just to command U.S. citizens to litigate in a foreign forum given that the weight of the factors do not dictate such a result.

9

3.     Public Interest Factors

Next, I must consider whether the public interest factors weigh in favor of the alternative

forum. *La Seguridad,* 707 F. 2d at 1307.  This consideration should be undertaken despite having

found that the private factors weigh in favor of Plaintiffs.  *See Leon*, 251 F.3d at 1311.  The public

factors that courts contemplate are administrative difficulties, local interest, application of foreign

law, and unfairness of imposing jury duty on an unrelated forum.  *Gulf Oil Corp.*, 330 U.S. at

508.

Here, Defendants posit that there is no administrative difficulty in adjudicating the matter

in the Bahamas. Plaintiffs argue that Defendants miss the mark because the court congestion

factor should apply only to this court, and not the foreign court.  For this proposition, Plaintiffs

rely upon *Campbell,* 2008 WL 2844020, at *8 (stating that the fact that the Southern District of

Florida has one of the busiest dockets in the United States should be given little or no weight in

analysis)). Although Plaintiffs are correct that the "proper emphasis" of this factor is on the home

forum, *see* Judge Altonaga Order at 21, Plaintiffs do not contest that court congestion is not an

issue in the Bahamas.  Also, it is well-settled that this Court has an vigorous docket.  Thus, this

factor favors the Defendants.  However, the weight given to this factor is slight.  *See Campbell*,

2008 WL 2844020, at *8.

The factors relating to the imposition of jury duty on a jury unrelated to the litigation and

the applicability of foreign law also militate toward the Defendants' position.   Defendants

properly note that this case lacks a meaningful connection to Miami Dade County, Florida.  The

incident at issue occurred in the Bahamas and almost all of the witnesses and relevant

documentation are located in an area outside of Miami Dade County, Florida.  Thus, it would be a

10

burden to impose jury duty on this community without more connection to the litigation.  *See SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004).  But, as Defendants concede, this is a "lesser weighted factor."  *See* Def. Whitewater's Mot. Dismiss at 11; Def. Cloward's Mot. Dismiss at 11.

Also, Bahamian law would likely apply under the significant relationships test, which requires a court to analyze where the injury occurred, the conduct causing the injury occurred, and the relationship of the parties is centered. *See Bishop v. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980). However, this Court has held that the application of Bahamian law would pose little problem given the similarities between Bahamian and United States law, as both are derived from English common law, and there are no language barriers to the Court's understanding of Bahamian law. *Campbell*, 2008 WL 2844020, at *8.  Further, the similarities of negligence law in the United States to that in the Bahamas is striking as outlined by Defendants' affiant, Robert K. Adams.  *See* Adams Aff. ¶¶ 4, 7, 9-12, 14-16.  Accordingly, though this factor tilts in Defendants' favor, it is also of little consequence.

## IV.  CONCLUSION

After balancing all elements and factors required for a dismissal under *forum non conveniens*, I conclude that while Defendants have demonstrated that the Bahamas is an available and adequate alternative forum, and the public interest factors weigh in their favor, these considerations do not support a dismissal of Plaintiffs' First Amended Complaint because of the private interest factors in Plaintiffs' favor.  Plaintiffs are U.S. citizens; thus, Defendants had a "heavy burden in opposing the plaintiff's chosen forum" requiring them to show that a "material injustice" would result if the litigation remains here. *Sinochem Int'l Co. Ltd.*, 549 U.S. at 430;

11

*SME Racks, Inc.*, 382 F.3d at 1101.  Defendants were unable to carry their burden.

For the reasons explained in this Order, and further detailed in Judge Altonaga's Order in *Matthews v. Whitewater West Indus., et al.*, No. 11-24424-CIV-ALTONAGA/Simonton, ECF No. 76, Defendants, Whitewater West Industries, LTD.'s and Cloward H20, LLC's, Motions to Dismiss Under the Doctrine of *Forum Non Conveniens* (ECF Nos. 30 and 35) are **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 26th day of September 2012.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*